IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AARON TIDWELL and
CHARMAINE DARLENE TIDWELL,

       Plaintiffs,

v.                                                      No. 2:23-CV-00537-GBW-KRS

STATE FARM INSURANCE COMPANY,

       Defendant.

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY'S ANSWER TO COMPLAINT FOR DAMAGES**

COMES NOW Defendant, State Farm Mutual Automobile Insurance Company, by and through its counsel of record, O'BRIEN & PADILLA, P.C., by Alicia M. Santos and Daniel J. O'Brien, and hereby answers Plaintiff's Complaint for Damages, (hereinafter "Complaint") as follows:

1. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore denies the same and demands strict proof thereof.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. In response to the second paragraph 3 of the Complaint, Defendant admits that the motor vehicle accident occurred in Las Cruces in August 2019. Additionally, Defendant states that the remaining allegations contained therein are legal conclusions and not factual allegations, and therefore, no response is required from Defendant. To the extent some response is deemed due from Defendant, Defendant denies the same and demands strict proof thereof.

COUNT I: BREACH OF CONTRACT

4. In response to paragraph 4 of the Complaint, Defendant incorporates its responses to

the preceding paragraphs 1 through 3 above.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies the same and demands strict proof thereof.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies the same and demands strict proof thereof.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies that policy covering the vehicle involved in the subject accident and presumably referred to as "the policy" in the Complaint provided coverage in the amount of $150,000 per person/$300,000 per accident. However, Defendant admits that Plaintiffs had multiple State Farm policies in effect on the date of the accident, which provide stacked coverage totaling $150,000 per person/$300,000 per accident.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

### COUNT II: COMMON LAW BAD FAITH

15. In response to paragraph 15 of the Complaint, Defendant incorporates its responses to the preceding paragraphs 1 through 14 above.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Defendant states that the allegations

contained therein are legal conclusions and not factual allegations, and therefore, no response is required from Defendant. To the extent some response is deemed due from Defendant, Defendant states that New Mexico law speaks for itself with regard to the duties owed by an insurance company to an insured.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and not factual allegations, and therefore, no response is required from Defendant. To the extent some response is deemed due from Defendant, Defendant denies the allegations contained in paragraph 19 of the Complaint.

## COUNT III: UNFAIR CLAIMS PRACTICES ACT

20. In response to the second paragraph 20 of the Complaint, Defendant incorporates its responses to the preceding paragraphs 1 through 19 above.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 a-c of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and not factual allegations, and therefore, no response is required from Defendant. To the extent some response is deemed due from Defendant, Defendant denies the allegations contained in the second paragraph 9 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that one or more of the following defenses should be available to Defendant in this matter. Defendant accordingly reserves the right to assert these separate defenses. If the facts warrant, Defendant may withdraw any of these defenses. Defendant further reserves the right to amend its answers and defenses, and to assert additional defenses and other claims,

as discovery proceeds. Further answering, and by way of defense, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Plaintiffs' causes of action fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred by the Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States, as well as Article II, section 10; Article II, section 13; and Article II, section 19 of the Constitution of the State of New Mexico. Under the facts of this case, a demand for punitive damages is not justified and an award of punitive damages would constitute a denial of equal protection, a denial of due process and/or the imposition of an excessive fine.

## THIRD AFFIRMATIVE DEFENSE

Defendant states that at all pertinent times it conducted and acted in good faith, thereby barring recovery from this Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to meet one or more conditions precedent under the applicable insurance policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may have breached their duty of good faith and fair dealing.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to one or more of the equitable doctrines including, but not limited to, waiver, estoppel, and laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs may suffer from pre-existing conditions or illnesses not caused by the subject accident.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company requests that this Court dismiss with prejudice Plaintiff's Complaint for Damages, and award costs and fees and such further and other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Defendant requests a jury trial of all factual matters.

Respectfully submitted,

O'BRIEN & PADILLA, P.C.

By: */s/ Alicia M. Santos*
ALICIA M. SANTOS
DANIEL J. O'BRIEN
6000 Indian School Rd. NE, Suite 200
Albuquerque, NM 87110
(505) 883-8181
asantos@obrienlawoffice.com
dobrien@obrienlawoffice.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of July, 2023, the foregoing document was filed electronically through the CM/ECF system, which caused a copy to be served upon:

TRENCHARD & HOSKINS
Royce E. Hoskins
Sean Wang
306 N. Lea
Roswell, NM 88201
(575) 622-7774
royce.hoskins@gmail.com
sean.wang.th@gmail.com
*Attorneys for Plaintiffs*

*/s/ Alicia A. Santos*
ALICIA A. SANTOS